### BROKAW *v.* CULVER *et al.*[1]

*(Supreme Court, Special Term, New York County. July, 1889.)*

EXAMINATION OF PARTY BEFORE TRIAL—SERVICE OF ORDER.

> When a copy of an order for examination of defendant before trial has not been served on him but on his attorney, the order will not be vacated, since he cannot be compelled to attend or be punished for non-attendance, but his examination may be taken if he does appear.

At chambers. On motion to vacate order for examination.

Action by Isaac V. Brokaw against Delos E. Culver, Ann L. Culver, and Benjamin B. Kirkland, to recover damages for the alleged fraud of the defendants in inducing the plaintiff to purchase alleged worthless securities. The plaintiff obtained an order for the examination of the defendants, for the purpose of enabling the plaintiff to frame his complaint. The defendant Delos E. Culver was not personally served with the copy of the order. The motion to vacate the order as to him was made upon that ground; and as to the other defendants, on the ground of lack of necessity and materiality of the examination.

*Philip Carpenter*, for plaintiff. *Clarke & Culver*, for defendants Delos E. Culver and Benjamin B. Kirkland. *Appleton L. Clark*, for defendant Ann L. Culver.

O'BRIEN, J. As to defendant Delos E. Culver, no copy of the order and the papers upon which the same was granted having been served upon him, if he should not appear, his attendance cannot be compelled. In this connection, I am inclined to the view expressed in *Riddle* v. *Cram*, 3 Abb. N. C. 117, note, that service upon the attorney alone furnishes the court with no authority to compel the defendant's attendance by attachment, or to punish him for his non-attendance. No necessity exists for setting aside the order, therefore, as to Culver. If he should appear, his examination can be taken. If he should neglect or refuse to appear, an order for his examination must be served personally upon him.

As to the other defendants, I am of opinion that the papers disclosed sufficient grounds to warrant an examination, which, however, in view of the character of the alleged cause of action, should be restricted to such matters as are material and necessary. The motion to vacate the order as to defendants Kirkland and Ann L. Culver is denied, the examination to be limited to

[1] From 23 Abb. N. C. 224.

the following queries, namely: *First*, to show whether or not the plaintiffs were original subscribers to the securities, or whether the same at that time were the property of the defendants; *second*, the facts as to the contracts between the construction company and the railway company, and the relation of the defendants thereto; *third*, as to whether the money paid by plaintiffs for the bonds were applied to the construction of the road, or were retained by them.

Ordered accordingly.